## 44140. YOUNG v. THE STATE.

FELTON, Chief Judge. 1. "Defects in an indictment or accusation must be taken advantage of by demurrer before trial or motion in arrest of judgment after conviction; they furnish no grounds for granting a new trial. *Rucker v. State,*

114 Ga. 13 (1) (39 SE 902)." *Davis v. State*, 105 Ga. App. 5 (1) (123 SE2d 271). Accordingly, where an accusation, charging the defendant with the offense of larceny from the house of over $50 and alleging his stealing of $400 in money "of the value of $40," was not objected to by either of the above types of pleadings, said objection was waived.

Similarly, the interlineation and alteration of the word "under," so as to make the offense charged read "Larceny from the house *over* $50," which defect is raised initially in this court, does not vitiate the indictment, there being no evidence to rebut the presumption that such alteration was made before the grand jury returned it as a true bill. *Owens v. State*, 54 Ga. App. 417 (3) (187 SE 890), and cit. Enumeration of error 1 is without merit.

2. Enumerated errors 2 and 3, being on the denial of the motion for new trial on the first two of the *general* grounds only, are without merit, because the verdict was authorized by the evidence.

3. Enumerated errors 4 and 5 cannot be considered, because they constitute the *special* grounds of the motion for new trial and the trial court's order denying it, having been neither appealed from nor enumerated as error, constitutes the law of the case as to said grounds. *Tiller v. State*, 224 Ga. 645 (164 SE2d 137).

The court did not err in rendering judgment on the verdict.

*Judgment affirmed. Pannell and Quillian, JJ., concur.*

SUBMITTED JANUARY 6, 1969—DECIDED JANUARY 14, 1969.

*L. E. Maioriello*, for appellant.

*George Hains, Solicitor General, E. Freeman Leverett*, for appellee.