25750. STITH et al. v. HUDSON et al.

NICHOLS, Justice. The plaintiffs filed a complaint in the Superior Court of Fulton County in which they sought to have a tax deed executed in 1939 delivered up and canceled. The defendants filed defenses in which they relied upon *Code Ann.* §§ 92-8315 and 92-8316 and claimed the plaintiffs' opportunity to redeem such property had expired more than 18 years before any attempt was made to redeem the property. The plaintiffs then filed motions to strike such defense each of which read in material part as follows: "-A- Said defense attempts to set up as the law of Georgia 'Georgia Code Annotated, 92-8315 and 92-8316,' and there are no such provisions in the Code of Georgia which have been enacted by the General Assembly of Georgia. -B- Said defense attempts to set up that the plaintiffs are barred as a matter of law from maintaining the instant action and the only purported provision of Georgia law upon which such defense is predicated is an Act approved February 25, 1949. Georgia Laws 1949, page 1132, which Act violates the provisions of Article I, Section 10 of the Constitution of the United States; Georgia Code Anno-

tated, Section 1-134; and the provisions of Article I, Section 3, Paragraph 2 of the Constitution of the State of Georgia, (Georgia Code Annotated, Section 2-302), in that the aforementioned Act constitutes a bill of attainder, ex post facto law, retroactive law, or law impairing the obligation for contracts in that it is retroactive legislation depriving the plaintiffs and their predecessors in title of vested interest in property." After these motions to strike were overruled and the judgment certified for immediate review the present appeal was filed.

The enumerations of error all contend that the Act of 1949 (Ga. L. 1949, p. 1132) violates provisions of the Constitution of Georgia and the Constitution of the United States. The argument made in the brief of the appellant relates solely to the provisions of one section of the Act and no contention is made as to the remainder of the Act being unconstitutional for any reason. Accordingly, under the decisions of the court exemplified by *Cox v. Burson*, 226 Ga. 13 (172 SE2d 406) ; *Dade County v. State of Ga.*, 201 Ga. 241, 246 (39 SE2d 473), and citations, the judgment of the trial court overruling the motion to strike because the Act of 1949, supra, is unconstitutional, shows no reversible error. "A purported amendment to the enumerations of errors, filed after the time allowed for filing of the enumerations of errors, will not be considered by this court for failure to comply with the Appellate Practice Act and the rules of this court. *Foskey v. Kirkland*, 221 Ga. 773 (1) (147 SE2d 310)." *Arkwright v. State*, 223 Ga. 768, 769 (158 SE2d 370).

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 15, 1970—DECIDED MAY 7, 1970—<br>REHEARING DENIED MAY 21, 1970.

*Webb, Parker, Young & Ferguson, John Tye Ferguson,* for appellants.

*James F. Cox, Hansell, Post, Brandon & Dorsey, Hugh M. Dorsey, Jr., James V. Burgess, Jr., Millard C. Farmer, Jr.,* for appellees.