45454.   GARMANY v. PEAVY.

PANNELL, Judge. Mrs. Mary Garmany brought an action against Mrs. O. L. Peavy seeking to recover for personal injuries sustained in an automobile collision between automobiles driven by the respective parties. After the close of the evidence, but before charging the jury, the defendant's and the plaintiff's requests to charge were brought up for discussion by the court. So far as is pertinent to this case, the only objection made by the plaintiff appellant was as follows: "The one I wish to object

to is Number 6 which deals with comparative negligence. That would be an improper charge." The defendant's request Number 6 contained six numbered paragraphs. Paragraph 6 of the request Number 6 was related to the question of whether there was a duty on plaintiff to avoid the negligence of the defendant. The trial judge then posed the question: "Is there any evidence that would justify the duty to avoid charge?" The attorney for the defendant stated he thought there was sufficient evidence, and plaintiff made no further objection. The trial judge then said: "I am going to give it and I am going to give the duty to exercise ordinary care and comparative negligence but I am going to do them in my own way and not as requested by eminent counsel." After the trial judge gave his charge to the jury the plaintiff appellant made the following objection: "I would also like to object to the fact that comparative negligence was instructed to the jury." The jury found a verdict in favor of the defendant and plaintiff appealed, enumerating error on the charge on comparative negligence and enumerating error on the overruling of her motion for judgment notwithstanding the verdict on certain grounds, part of which were evidentiary and part of which related to charges of comparative negligence and made another numbered almost identical enumeration of error, which appellant now contends was intended to be an enumeration of error on the overruling of her motion for new trial, and sought to amend her enumeration of errors accordingly, but this amendment was attempted after the time for filing the enumeration of errors had expired. A motion to dismiss the appeal was made on the ground that there being no enumeration of error on the overruling of the motion for new trial, the overruling of the motion for new trial on the general grounds and the special grounds became the law of the case. *Held:*

1. An enumeration of errors on appeal cannot be amended after the original time for filing the enumeration of errors has expired. *Arkwright v. State,* 223 Ga. 768 (158 SE2d 370); *Ga. R. & Bkg. Co. v. Frazer,* 118 Ga. App. 810 (2) (165 SE2d 607). Nothing to the contrary was ruled in *Myers v. Johnson,* 113 Ga. App. 648, 649 (149 SE2d 378), and even if it was, we must follow the decisions of the Supreme Court.

2. "Even should we assume that *Hill v. Willis,* 224 Ga. 263 [161 SE2d 281], as construed in *Tiller v. State,* 224 Ga. 645 (164 SE2d 137), is applicable here, it would only be grounds of affirmance of those enumerations of error included in the motion for new trial, and would not be grounds for dismissal. The motion to dismiss the appeal is denied." *Colley v. Stump,* 119 Ga. App. 220 (1) (166 SE2d 616).

3. "Whether or not *Hill v. Willis,* supra, as construed in *Tiller Tiller v. State,* supra, requires an affirmance here of any of the enumerations of error, we do not decide (see *Bryan v. State,* 224 Ga. 389, 390 (162 SE2d 349); *Young v. State,* 119 Ga. App. 34 [165 SE2d 869]), as the evidence was amply sufficient to authorize the verdict rendered and there was no exception to the charge of the court as required by Section 17 of the Appellate Practice Act as amended (Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1078; *Code Ann.* § 70-207 (a)).

"See also *Palmer v. Stevens,* 115 Ga. App. 398, 405 (154 SE2d 803); *Georgia Power Co. v. Maddox,* 113 Ga. App. 642, 643 (149 SE2d 393); *Vogt v. Rice,* 114 Ga. App. 251, 252 (150 SE2d 691). The judgment is therefore affirmed on these latter grounds." *Colley v. Stump,* 119 Ga. App. 220 (2), supra. Nothing in this opinion shall be construed to intimate or suggest that objections made to requests to charge prior to the giving of such a request in charge to the jury is a sufficient objection under the statute.

4. The evidence was sufficient to authorize the verdict rendered and there was no error in refusing to grant the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.*

ARGUED JULY 7, 1970—DECIDED SEPTEMBER 18, 1970.

*Cullen M. Ward, Frank M. Eldridge,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Eugene G. Partain, E. A. Simpson, Jr.,* for appellee.