48819. KRASNER v. VERNER AUTO SUPPLY, INC. et al.

HALL, Presiding Judge. The central question involved here is whether a certain entry upon court records did or did not constitute a judgment, and, if it did, was it a judgment on the merits so as to bar plaintiff's attempted refiling of his suit.

On April 1, 1970, Norman Krasner filed a complaint in Fulton County Superior Court, instituting civil action B 54067 against Verner Auto Supply, Inc. and Larry Cecil Prichard for damages Krasner sustained in an auto crash. The record of this case shows that the following order was signed by the trial judge and dated January 9, 1973:

"Order

"The subject case was sounded for trial by the court, the court having awaited the required statutory time and no one having answered, the said case be and the same is hereby dismissed."

However, a certified copy of the docket sheet fails to show that this order was entered thereon. Instead, the docket sheet reflects the filing of a voluntary dismissal by Krasner on February 2, 1973, followed by his payment of costs.

On May 11, 1973, Krasner filed his complaint in civil action B 84450 in the same court, in effect refiling the initial suit. On June 4, 1973 the defendant Verner Auto Supply, Inc. moved to dismiss the second complaint on the ground that the action was barred by the prior adjudication. On August 13, 1973 the motion to dismiss came on for hearing and was argued by both sides. (Hereinafter, for clarity, the trial judge who dismissed the first suit will be designated "trial judge," and the judge before whom the motion was argued will be designated "hearing judge".) Krasner's position at that hearing was that (1) the trial judge erred in calling the case for trial when there was a pending motion to strike defenses; (2) under Code § 110-503 the prior dismissal was on technical grounds and was not an adjudication on the merits; (3) the trial judge's order had not been properly entered on the docket; (4) the trial judge habitually telephoned attorneys and litigants who failed to appear when their cases were called but he did not notify Krasner or his attorney in this instance, and such failure was a violation of due process. Additionally, Krasner's attorney, in language not entirely free from ambiguity, stated that the trial judge had previously continued the case with a warning that if plaintiff was not prepared for trial the next time he would dismiss it; that counsel for the plaintiff "was there" (presumably on January 9, 1973), but that plaintiff was not there but was at home with a "bad leg." After argument by attorney for movant and additional colloquy, the hearing judge granted the motion to dismiss, finding that the earlier order of dismissal was an adjudication on the merits under Code Ann. § 81A-141 (b) and *Zaun v. Nobles,* 128 Ga. App. 846 (198 SE2d 326).

Krasner now appeals the grant of defendant's motion to dismiss, raising nine enumerations of error.

Enumerations 2, 5, 6 and 7 raise essentially two points: The order dismissing B 54067 was invalid because not reflected on the docket and not properly styled with the name of the case; the dismissal was improper because it was done by the trial judge on his own initiative and not upon motion by defendant as required by Code Ann. § 81A-141 (b).

Contrary to Krasner's first asserted point, it is not essential to the

validity of a judgment that it be entered on the docket sheet. "The filing with the clerk of a judgment, signed by the judge, constitutes the entry of such judgment." Code Ann. § 81A-158 (b); 18 Encyc. of Ga. L. 269, Judgments and Decrees, §§ 48, 49. "No time limit is given for such signing and filing." *Hiscock v. Hiscock,* 227 Ga. 329, 331 (180 SE2d 730). Moreover, with reference to the absence of a heading or style of the case in which the judgment was entered, defendant has stated in its brief and Krasner does not dispute that the order was affixed to plaintiff's complaint, eliminating any possible question as to the case in which it was meant to operate. Answering Krasner's second point, a motion by defendant to dismiss for want of prosecution is not essential; the court may enter such a dismissal on its own initiative in proper circumstances under Code Ann. § 81A-141 (b). Link v. Wabash R. Co., 370 U. S. 626 (82 SC 1386, 8 LE2d 734). "The Link case makes it clear that the power to dismiss for want of prosecution is an inherent power of the court and that Rule 41 (b) merely codifies this power in part. Though the rule speaks of a motion by the defendant the court may act on its own without a motion." 9 Wright & Miller, Federal Practice and Procedure: Civil § 2370, p. 202.

Enumerations 1, 3, 4 and 9 urge, among other things, error in the trial judge's failure to notify Krasner and his attorney of the date of the scheduled trial upon their absence from which the dismissal was entered. (Enumeration 4 falls in this category because it complains of the hearing judge's reluctance to consider the telephone-notice point, which is itself raised in Enumeration 1.) These enumerations present nothing for our consideration because they are irrelevant to this appeal and constitute an attempt to go behind the judgment which we, in this opinion hold to be valid. This is not to say that the judgment is immune from attack in a properly brought proceeding in which such contentions might be raised. See Code Ann. § 81A-160. But all that is presented on this appeal and all we rule is that the face of the record reflects the entry of a prior judgment on the merits which is a bar to the institution of plaintiff's second suit. This answers Krasner's Enumeration 8. Under *Zaun v. Nobles,* 128 Ga. App. 846 (198 SE2d 326) where as here the dismissal for failure to prosecute was involuntary under Code Ann. § 81A-141 (b) and the trial court did not specify that dismissal was without prejudice, the dismissed suit is res judicata as to the present suit, and the trial court did not err in granting defendant's motion to

dismiss. *Cranford v. Carver,* 124 Ga. App. 767 (186 SE2d 1150). Accord, 9 Wright & Miller, supra, § 2369, p. 193. But cf. *Maxey v. Covington,* 126 Ga. App. 197 (190 SE2d 448); *O'Kelley v. Alexander,* 225 Ga. 32 (165 SE2d 648); *Kalin v. Pfarner,* 124 Ga. App. 816 (186 SE2d 365).

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED JANUARY 29, 1974 —
REHEARING DENIED FEBRUARY 18, 1974 —

*D. W. Krasner, Norman Krasner,* for appellant.
*Dennis & Fain, Robert E. Corry, Jr.,* for appellees.