## 50968. DAVIS v. NATIONAL INDEMNITY COMPANY.

Pannell, Presiding Judge.

Bryant Systems, Inc., was in the business of renting and leasing automobiles to others. Appellee, National Indemnity, issued a policy of automobile liability insurance in which Bryant was the named insured. Bryant rented an automobile to William James Attaway, and on July 1, 1970, in the State of Florida, Mrs. Attaway negligently drove the automobile against another automobile and Lena Ashmore Davis, appellant, the mother of Mrs. Attaway, a passenger in the automobile, was injured. She brought an action for the damages thus occasioned in the Superior Court of Gwinnett County against Mr. and Mrs. Attaway. The insurer refused to defend the action and then brought a declaratory judgment action against the Attaways only in the Superior Court of Gwinnett County. The Judge of the Superior Court of Gwinnett County entered a declaratory judgment holding there was no duty on the part of the appellee to defend the action and that there was no coverage. Appellant was subsequently awarded a jury verdict in the sum of $35,000 against the Attaways. The

appellant then brought an action against the appellee insurer attaching thereto a copy of the policy sued upon. In its answer the appellee set forth as its second defense the petition for declaratory judgment and the judgment thereon, attaching a copy of the petition for declaratory judgment and a certified copy of the findings of fact, conclusions of law, and the order of the trial judge, contending that said judgment was binding upon the plaintiff in the present action. The third defense set forth the contention that the plaintiff could not recover because of the following provision in the policy: "This policy does not apply under Coverage A to bodily injury to or sickness, disease or death of (1) the spouse or any parent, son, or daughter of the insured, or (2) the named insured, nor, under Coverage B to any property damage loss sustained by any such party." The defendant contends that since the plaintiff was a parent of Mrs. Attaway she was not entitled to recovery against the defendant in an action on the policy. The answer further admitted the lease of the automobile to Mr. Attaway and the issuance of the policy of insurance. The defendant also filed its motion to dismiss the complaint pursuant to Section 12 (b) (Section to the Civil Practice Act (Code Ann. § 81A-112 (b) (6))) on the following grounds: (1) The binding effect of the prior declaratory judgment; (2) that the action could be brought only by one in privity with the defendant-appellee under Code § 3-108; and (3) because of the provisions of the policy the plaintiff, as a "parent . . . of the insured," was precluded from recovery. The trial judge sustained the motion and the recitals in his order indicate that he considered all the pleadings including the defenses and the exhibits attached thereto. We, accordingly, will consider the judgment as if the motion had been one for judgment on the pleadings. The appellant brings this judgment before this court for review. *Held:*

1. Section 6 of the Declaratory Judgment Act (Ga. L. 1945, pp. 137, 138; Code Ann. § 110-1106) provides: "No declaration shall prejudice the rights of persons not parties to the proceeding." See also, *St. Paul Fire &c. Ins. Co. v. Johnson,* 216 Ga. 437, 439 (117 SE2d 459). The declaratory judgment obtained by the insurer-appellee here was not binding upon the appellant.

2. The policy provides: "Any person . . . who has secured a judgment [against the insured] . . . shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy." While in the absence of such policy provision there would be no privity of contract between the insurer and the injured party (*Insured Lloyds v. Bobo,* 116 Ga. App. 89, 91 (156 SE2d 518)), sufficient to support an action on the policy based on the judgment obtained against the insured, the provision here makes the injured party who obtains a judgment against the insured a third-party beneficiary entitled to bring an action on the policy under Code § 3-108 as amended by Ga. L. 1949, p. 455.

3. An endorsement on the policy provided "this policy does not apply under Coverage A, to bodily injury to or sickness, disease or death of (1) the spouse or any *parent,* son, or daughter of the insured. . ." (Emphasis supplied.) "Severability of interests — Coverage A (bodily injury) and B (property damage); the term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability." Under this provision of the policy, the exclusion of Mrs. Attaway from coverage under the policy where her mother (parent) is the injured party would have no effect on the appellant's right of recovery under the policy based on the judgment against Mr. Attaway, another "separate" insured, the appellant not being a parent of Mr. Attaway.

"Considerable confusion developed in the courts before the insertion of the severability condition in the automobile liability policy. In standard form policies, the condition reads as follows: 'The term "the insured" is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability.' This new condition in the policy has made it clear and certain that the named insured and the omnibus or additional insureds are to be treated separately, and that the exclusions or other coverage tests should apply to the particular insureds seeking coverage." Plummer, Automobile Policy Exclusions, 13 Vand. L. Rev. 945, 955 (Oct., 1960).

"It has always been the intent of the policy that it

apply separately and individually to each insured, including the omnibus insureds (or Insuring Agreement III) and the named insured. It was thought that there was little doubt of this, but recent court decisions have held contrary to this intent. In order to clarify the policy, a 'severability of interests' condition has been added." Breen, The New Automobile Policy, Insurance L. J., May 1955. See also, Shelby Mutual Ins. Co. v. Schuitema, 183 S2d 571 (Fla. Dist. Ct. of Appeals) and cases cited.

4. The trial judge erred in sustaining the motion in the present case on each and every ground therein stated.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 2, 1975 — DECIDED SEPTEMBER 23, 1975.

*Redfern, Butler & Morgan, Rex M. Lamb, III, E. Lee Redfern,* for appellant.

*Barwick & Bentley, James L. Ford, Thomas S. Bentley,* for appellee.