## 53852. PEEK et al. v. SOUTHERN GUARANTY INSURANCE COMPANY et al.

WEBB, Judge.

After a multi-vehicle and motorcycle collision Ann Lucille Jones individually and as next friend of Timothy L. Jones filed suit on March 19, 1976, against Carl H. Peek, Jeffery C. Peek, Charles E. Williams and James Charles McKinney, alleging that their negligence caused injury to Timothy L. Jones and the wrongful death of Warner Eugene Jones. On April 16, Southern Guaranty sought a declaratory judgment on an automobile insurance policy it had issued to Charles E. Williams, claiming that he had furnished incorrect information when he applied for the policy, that the mis-representations were material and relied upon in at least three specified areas, and that it was uncertain whether to defend and would suffer irreparable harm if the question of coverage were not determined. Answers were filed by all parties except Charles E. Williams. A hearing was held and on July 15, 1976, the trial court entered a default judgment against Williams, finding that since the allegations must be accepted as true the insurance policy was void, thereby relieving Southern Guaranty from defending Jones' suits against Williams or paying any judgment or contribution to the other defendants. A temporary injunction restraining pursuit of the tort actions until further order was also granted.

Southern Guaranty then filed motions for summary judgment against each declaratory judgment defendant based upon its original complaint and exhibits, the defendants' responses, the default judgment against

Williams and any other pertinent pleadings then filed in that case. At a hearing on August 31 these defendants offered no evidence, merely appearing and making oral argument and later filing a brief at the court's direction. On September 28 Jeffery and Carl Peek filed a motion to set aside the default judgment against Williams. A hearing was held the same day, and on November 15 the court denied the Peeks' motion to set aside the default judgment and granted Southern Guaranty's motions for summary judgment against all defendants.

On November 22 the Peeks filed a purported transcript of the declaratory judgment-injunction hearing, and in a notice of appeal from the November 15 order requested that this transcript be included in the record on appeal. Upon motion of Southern Guaranty the trial court ruled that the transcript was not part of the record and should not be transmitted to this court. They appeal from the orders denying their motion to set aside the default judgment and granting Southern Guaranty's motions for summary judgment against them, enumerating ten errors.

1. The first five enumerations protest the overruling of the Peeks' motion to set aside the default judgment on various grounds, but a reading of that judgment shows that it is only against Charles E. Williams. "A third person not a party to the record cannot go into a court and move to set aside a judgment which is not against him." *Merchants' &c. Nat. Bank v. Haiman,* 80 Ga. 624 (2) (5 SE 795) (1888); *Thomas v. Lambert,* 187 Ga. 616 (2) (1 SE2d 443) (1939). For a judgment to be attacked by any person it must be void on its face. CPA § 60 (a) (Code Ann. § 81A-160 (a)). Appellants' motion to set aside the default judgment against Williams alleged nonamendable defects appearing in the record and pleadings; it did not assert that the default judgment against Williams was void on its face. It was clearly a collateral attack brought under Code Ann. § 81A-160 (d), and only the person against whom the judgment is rendered has standing to do that. Whether or not Williams had automobile insurance does not affect the appellants or any of the other parties to the tort actions on the question of negligence, and they have no interest in a judgment declaring the

policy issued to Williams to be void. See *Avis Rent A Car System v. Rice,* 132 Ga. App. 857, 858 (2) (209 SE2d 270) (1974). The denial of the motion to set aside was not improper for any reason asserted.

2. Appellants contend that "the pleadings and record in this case do not authorize the grant of a summary judgment on factual and legal grounds," apparently arguing that a claim for relief has not been stated. We do not agree.

Southern Guaranty's complaint for declaratory judgment alleged that Williams had had previous automobile insurance canceled but did not report this on his application; that he stated on his application that his driver's license had never been suspended when in fact it had been; that he misrepresented the fact that he had never had prior insurance when in fact he had; that these misrepresented facts were recorded on his insurance application which was attached to the policy issued; and that the insurance would not have been issued if the correct information had been given because the misrepresentations were false and material to the risk and increased the hazard resulting in the loss.

"It should be observed that the *applicant is bound by the answers* recorded on the application, whether written by him or by the agent, absent any fraud on the part of the agent. . ." *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 622 (1) (174 SE2d 570) (1970) and cits. When, as here, the application was attached to and made a part of the contract, it is presumed that the company relied upon the truthfulness and completeness of the answers. Any material misrepresentations, "whereby the nature or extent or character of the risk is changed, will avoid the policy, whether the statement was made in good faith or wilfully or fraudulently." *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 633 (4), supra, and cits.

When Williams became in default he admitted as true all the allegations in Southern Guaranty's complaint — there was no issue of fact to be determined. *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286 (223 SE2d 482) (1976). Since the application was attached to and was a part of the policy, any false answers are deemed to have been relied on by Southern Guaranty and the intent to

deceive is conclusively presumed. The complaint clearly stated a claim.

3. Enumeration 6 attacks the grant of summary judgment on the ground that a default judgment against one defendant cannot result in a judgment against defendants who have filed special defenses. As previously pointed out, the default judgment was against Williams alone. This judgment was then used as evidence in the summary judgment motions against the other defendants to show that Williams admitted the allegations of the complaint and therefore had no insurance coverage. Only the summary judgments were against the Peeks.

4. Enumeration 8, contending that Southern Guaranty did not pierce the affirmative defenses raised by the Peeks to its motion for summary judgment, is without merit.

The first defense, that the complaint failed to state a claim, was discredited in Division 2, supra. The second defense consisted only of disclaimers of sufficient knowledge, admissions and denials of specific allegations. The third and fourth defenses were that fraud, if any, had been waived or ratified by Southern Guaranty in procuring the insurance policy. As previously stated, an intent to deceive is conclusively presumed and the misrepresentations are deemed to have been relied on where the application containing them was attached to the policy. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 632 (4), supra. The last defense, that Southern Guaranty had knowledge of the facts and did not rescind the policy, is likewise controlled by its reliance on the facts misrepresented in Williams' application for insurance.

5. Appellants urge that summary judgment against them was in error because they have a beneficial interest in the insurance policy issued to Williams and have a right to contest the ruling of invalidity. This argument cannot be sustained.

The policy sets forth two conditions precedent to a third party not in privity to the contract attempting to collect or assert rights thereunder.[1] The first is that the

---

[1] Condition 6 of the policy recites: "6. Action Against Company — Part I: No action shall lie against the

insured shall have fully complied with all the terms of the policy. The second, as established by this court in *Davis v. National Indem. Co.,* 135 Ga. App. 793, 795 (2) (219 SE2d 32) (1975), is that a judgment must *first* be secured against the insured. Since Williams did not comply with the terms of the policy and the appellants have obtained no judgment against him, the conditions precedent have not been met so as to give them an interest in the policy.

"Any person or organization or the legal representative thereof *who has secured such judgment* or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder." (Emphasis supplied.)

"As we pointed out in *Insured Lloyds v. Bobo,* 116 Ga. App. 89, 91 (156 SE2d 518), there is no indication of a beneficial interest from the 'fact that it might be more beneficial to one who is injured by another that such tortfeasor was carrying liability insurance than if the tortfeasor had no insurance.' " *Lee v. Petty,* 133 Ga. App. 201, 205 (210 SE2d 383) (1974). It is clear that the Peeks have no right or standing to sue Southern Guaranty directly and can only acquire a beneficial interest by a judgment against Williams. And if Williams has no insurance, as has been determined, then they can certainly acquire no interest under a void contract.

6. Appellants' final enumeration objects to the order of the trial court that a purported transcript of the August 31 hearing not be filed for inclusion in the record before

---

company unless, *as a condition precedent thereto, the insured shall have fully complied with all the terms of the policy, nor until the amount* of the insured's obligation to pay shall have been finally *determined either by judgment* against the insured after actual trial or by written agreement of the insured, the claimant and the company.

this court. This transcript was filed in the trial court on November 22, one week after the summary judgment order had been issued.

It was incumbent upon the appellants at that hearing to make some showing to refute the prima facie showing of Southern Guaranty that it was entitled to a summary judgment, but they offered no evidence or any other material. *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424) (1973). On September 23 a brief in opposition to the motion for summary judgment was filed and on October 6 an amendment was filed which referred, for the first time, to a "transcript" although it does not appear that any transcript was in existence at that time. Since it was not a part of the record of the trial it is not a proper part of the record on appeal and accordingly cannot be considered by this court. See *Maloy v. Dixon,* 127 Ga. App. 151 (1) (193 SE2d 19) (1972); *Robertson v. Southland Life Ins. Co.,* 127 Ga. App. 143, 144 (192 SE2d 910) (1972). The order of the trial court was proper.

7. The motion to dismiss appellants' amendment containing an additional enumeration of error and brief in support thereof, filed after the time allowed for filing of the enumeration of errors, is granted. *Stith v. Hudson,* 226 Ga. 364, 365 (174 SE2d 892) (1970); *Garmany v. Peavy,* 122 Ga. App. 466, 467 (1) (177 SE2d 502) (1970).

*Judgment affirmed. Bell, C. J., Quillian, P. J., Marshall, Smith, Shulman and Banke, JJ., concur. Deen, P. J., and McMurray, J., dissent.*

SUBMITTED MAY 4, 1977 — DECIDED JUNE 10, 1977 — REHEARING DENIED JUNE 29, 1977 —

*Grubbs & Platt, Adele P. Grubbs, J. Milton Grubbs,* for appellants.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick, Rogers, Magruder & Hoyt, Wade C. Hoyt, III, Neely, Freeman & Hawkins, J. R. Cullens, Jones, Robbins & MacLeod, James A. Robbins, Jr., Horace T. Clary,* for appellees.

DEEN, Presiding Judge, dissenting.

1. The 5th division of the opinion holds, inter alia, that appellants cannot proceed because, as third parties not in privity to the contract, they have not shown, as a condition precedent, that they have complied with a policy provision that they have secured a judgment against the alleged insured tortfeasor Williams. This is a declaratory judgment action by the insurance company in which Jones and Peek are co-defendants. It so happens that the appellant Jones did file a tort action against Williams which is now pending, and the insurance company, when it filed this declaratory judgment action, obtained an injunction against the appellants' proceeding with the tort suit. Under those circumstances I would not hold that the *appellants* have failed to comply with a policy provision which the insurer enjoined them from doing. The Peeks were defendants in the tort case prosecution of which was enjoined, and they are named defendants in the present declaratory judgment filed by the insurer, and they have a very real interest in the outcome of this case and *Jones v. Southern Guaranty Ins. Co.*, 142 Ga. App. 678.

2. The 1st division of the opinion holds that the appellants cannot attack the default judgment against Williams because they are not parties to the record. Since they are co-defendants with Williams in this case I consider that they are parties to the record. I therefore disagree with Division 1.

3. Applying the law stated in *Davis v. National Indem. Co.,* 135 Ga. App. 793 (219 SE2d 32), and treating the appellants as inchoate beneficiaries whose suits the plaintiff in declaratory judgment was enjoined from prosecuting (thereby estopping itself from urging lack of a judgment against any tortfeasor) and as co-defendants, also at the instance of the plaintiff, I would allow all defendants their day in court. The purpose of declaratory judgment is to make a declaration of rights where the ends of justice so require. The appellants *are* parties to this case and their rights *are* being adjudicated. They therefore have a right to open the insured tortfeasor's default in order to present any evidence they may have to show that the policy is in effect, regardless of the insured's election

not to defend, since the insurer, by making all parties co-defendants and enjoining the pending proceedings, has itself initiated the adjudication.

4. As to alleged misrepresentations made by the applicant in the insurance application, the majority relies on the whole court case of *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618 (174 SE2d 570), written by Judge Eberhardt. The *Perry* case, however, is only applicable wherein a limitation on the authority of the agent is specifically contained in the application, as in *Perry.* Cases wherein no limitation of authority is contained in the application is controlled by the whole court cases of *Allstate Ins. Co. v. Anderson,* 121 Ga. App. 582 (174 SE2d 591); *Reserve Life Ins. Co. v. Meeks,* 121 Ga. App. 592 (174 SE2d 585) and *Chester v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 599 (174 SE2d 582). Note the position of Judge Eberhardt as to the latter three whole court cases.

Appellants have the right to present evidence, if any exists, that the applicant may have given the agent, whose authority was not limited in the application, the correct information notwithstanding the representations contained in the application. Therefore, this knowledge of the agent was knowledge of the company, and oral representations of driver's license being suspended and previous insurance canceled were waived by the agent and company.

I am authorized to state that Judge McMurray joins in this dissent.