### 32720. PEEK et al. v. SOUTHERN GUARANTY INSURANCE COMPANY et al.
### 32737. JONES et al. v. SOUTHERN GUARANTY INSURANCE COMPANY.

HILL, Justice.

Certiorari was granted to decide whether the grants of summary judgment in favor of the insurance company were properly affirmed by the Court of Appeals as reported at 142 Ga. App. 671 (236 SE2d 767) (1977), and 142 Ga. App. 678 (237 SE2d 19) (1977). A tort action was brought by the widow of a man killed in a motorcycle accident and by their son who was a passenger and was injured. The plaintiffs' action was against the drivers and the owners of two cars involved.

The insurance company which insured one of the car owners brought declaratory judgment against all parties to the tort suit. See *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870) (1972); *Davis v. National Indem. Co.,* 135 Ga. App. 793 (219 SE2d 32) (1977); Annot., 18 ALR2d 891 (1951). The company sought declarations that its policy did not provide coverage because the cars were racing and that its policy was voided by material misrepresentations by the insured car owner in his application for insurance.[1] The trial judge enjoined the tort action. The insured did not answer the action for declaratory judgment and a default judgment was entered against him in favor of the insurance company, routinely and without notice to the other defendants.

The insurance company then moved for and obtained summary judgment against the remaining defendants which included the tort plaintiffs and the other defendants in the tort action. The tort plaintiffs and two of the tort defendants appealed the grant of summary judgment against them in the declaratory judgment

---

[1] Because the possibly exclusive procedure for cancellation based on material misrepresentation set forth in Code § 56-2430.1 (A) (B) has not been argued, its applicability, if any, is not considered here.

action to the Court of Appeals which affirmed.

1. In granting summary judgment, the trial judge necessarily found that there was no genuine issue as to any material fact and that the company was entitled to judgment as a matter of law. Code Ann. § 81A-156 (c). In addition to the pleadings, the only evidence offered by the company in support of its motion was the default judgment against its insured. The Court of Appeals found in Divisions 2 and 3 of the *Peek* opinion, 142 Ga. App. 671, that the default judgment was proper evidence of an admission by the insured of all allegations of fact in the company's complaint, so that there remained no issue as to any material fact. We disagree.

As the Court of Appeals correctly found in the first division of the *Peek* opinion, 142 Ga. App. 671, when a judgment is entered by default, the parties to that judgment are the plaintiff and the defaulting defendant. His default operates as an admission of the truth of the well-pleaded material facts alleged against him. *Flanders v. Hill Aircraft &c. Corp.,* 137 Ga. App. 286, 288 (223 SE2d 482) (1976); 18 Encyc. Ga. L., Judgments and Decrees, § 71 (1970); 47 AmJur2d 211, Judgments, § 1194. However ". . . an admission predicated upon a default is operative against the particular party who makes default, and does not bind a co-defendant who appears and contests the litigation." 47 AmJur2d 211, Judgments, § 1194, supra. Just as a judgment is not binding on persons who are neither parties nor privies to it (Code § 110-501; 18 Encyc. Ga. L., Judgments and Decrees, § 333), so a default judgment is not binding on co-defendants who are not in default. *Glover v. Davenport,* 133 Ga. App. 146 (210 SE2d 370) (1974); *Ga. Mut. Ins. Co. v. Willis,* 140 Ga. App. 225 (230 SE2d 363) (1976).

In *Ga. Mut. Ins. Co. v. Willis,* supra, it was held that the default of the actual tortfeasor could not be used as an admission of liability against a co-defendant, the uninsured motorist carrier for plaintiff. By the same token, the default of the insured in the case before us is deemed to be an admission by him of the plaintiff's right to recover, but only against him. A default by one defendant therefore is not evidence which can be used to support a summary judgment against another defendant.

The summary judgments in this declaratory judgment case were based on the pleadings and the default judgment. The default judgment will not support the summary judgments. The pleadings of the non-defaulting defendants raised issues of material fact not resolved by the motions for summary judgment. Therefore, we reverse the grants of summary judgment.

2. In Division 4 of the *Peek* opinion, the Court of Appeals considered whether the default judgment in favor of the insurance company showed that there was no genuine issue of material fact as to the defendants' affirmative defenses. In conjunction with such defenses the court said (*Peek v. Southern Guaranty Ins. Co.,* 142 Ga. App. at 674): "As previously stated, an intent to deceive is conclusively presumed and the misrepresentations are deemed to have been relied on where the application containing them was attached to the policy. *Prudential Ins. Co. v. Perry,* 121 Ga. App. 618, 632 (4), supra. The last defense, that Southern Guaranty had knowledge of the facts and did not rescind the policy, is likewise controlled by its reliance on the facts misrepresented in Williams' application for insurance." Because in further proceedings in this case the matter of reliance inevitably will arise, we will consider it briefly.

An insurer cannot justly assert reliance upon a representation it knows to be false, or is properly charged with knowing to be false. *Christian Brokerage Co. v. Allstate Ins. Co.,* 239 Ga. 850 (1977); *Reserve Life Ins. Co. v. Bearden,* 96 Ga. App. 549 (1) (101 SE2d 120) (1957), affd. 213 Ga. 904 (102 SE2d 494) (1958). *Prudential Ins. Co. v. Perry,* supra, did not find to the contrary, as it held that an agent's knowledge of false statements would not be imputed to the insurer when a limitation of the agent's authority to waive falsity was printed on the application for insurance.

*Judgment reversed. All the Justices concur, except Marshall, J., who is disqualified.*

32720, Submitted October 28, 1977; 32737, Argued November 14, 1977 — Decided January 3, 1978 — Rehearing denied January 18, 1978.

*Grubbs & Plat, J. Milton Grubbs, Jr.,* for Peek et al.

*Freeman & Hawkins, Frances M. Toole,* for Jones et al.

*Covington, Kilpatrick & Storey, J. S. Kilpatrick, J. Bryant Durham, Jr., Rogers, Magruder & Hoyt, Wade C. Hoyt, III, Jones & Robbins, James A. Robbins, Jr., Scott Callan, Charles E. Williams,* for appellees.