## 68209. LANKFORD et al. v. KARKOTSKY.

SOGNIER, Judge.

Appellants, various members of the Lankford family, filed suit against appellee Karkotsky in the Superior Court of DeKalb County. Counsel for appellants announced ready for trial at the calendar call but when the case came on regularly for trial, counsel for appellants stated that he was not prepared to go forward with the trial. The trial court, after learning from its calendar clerk of discrepancies in the excuse offered by counsel for appellants, dismissed appellants' case with prejudice for failure to prosecute. Appellants' motion to set aside the order of dismissal with prejudice was subsequently denied.

The trial court has the authority to dismiss a suit with prejudice for failure to prosecute. OCGA § 9-11-41 (b). See *Krasner v. Verner Auto Supply,* 130 Ga. App. 892, 894 (204 SE2d 770) (1974). "The burden of showing harmful error is on the appellant, and this he must do by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error. [Cits.]" *Bhatia v. West Cash &c., Inc.,* 157 Ga. App. 145, 146 (276 SE2d 656) (1981). The record before us discloses no abuse of the trial judge's discretion in dismissing the action for want of prosecution. See *Chappelaer v. Gen. GMC Trucks,* 130 Ga. App. 664 (2) (204 SE2d 326) (1974). See also *Hancock v. Oates,* 244 Ga. 175, 176 (259 SE2d 437) (1979). Nor do we find any error in the trial court's denial of appellants' motion to set aside the order of dismissal. Appellants sought to have the judgment set aside solely on the ground of negligence of their attorney. Because such negligence does not appear on the face of the record, it is not a proper ground of a motion to set aside. *Trice v. Howard,* 130 Ga. App. 895, 896 (204 SE2d 808) (1974).

Appellant's amendment containing an additional enumeration of error and brief in support thereof was filed after the time allowed for

filing of the enumerations of error and will not be considered by this court for failure to comply with the Appellate Practice Act and the rules of this court. *Peek v. Southern Guaranty Ins. Co.*, 142 Ga. App. 671, 676 (7) (236 SE2d 767) (1977), rev'd on other grounds, 240 Ga. 498 (241 SE2d 210) (1978); *Stith v. Hudson*, 226 Ga. 364, 365 (174 SE2d 892) (1970).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED JUNE 21, 1984.

*Michael S. Rosenthal,* for appellants.
*William D. Temple, William D. Strickland,* for appellee.