68268. LEACH v. AETNA CASUALTY & SURETY COMPANY.
(324 SE2d 494)

McMURRAY, Chief Judge.

This is an appeal from the dismissal with prejudice of a civil action. The order dismissing the case reads as follows: "The above case having come on regularly for trial on August 15, 1983, after having been published as provided by law, and no appearance having been made, the plaintiff's complaint in the above action is hereby ordered and adjudged, dismissed with prejudice for want of prosecution pursuant to OCGA § 9-11-41 (b) upon motion duly made by counsel of record for the defendant at the call of said case for trial." *Held*:

Previously, under former Code Ann. § 81A-141 (b) (now OCGA § 9-11-41 (b), effective November 1, 1982), a dismissal with prejudice for failure to prosecute was discretionary and was subject to appellate review for abuse of discretion. *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40) (1979).

However, on November 1, 1982, OCGA § 9-11-41 (b) became effective and applies to the case sub judice. In pertinent part, that Code section provides that: "For failure of the plaintiff to prosecute or to comply with this chapter or any order of court, a defendant may move for dismissal of an action or of any claim against him . . . The effect of dismissals shall be as follows: (1) *A dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits*; and (2) Any other dismissal under this subsection and any dismissal not provided for in this Code section, other than a dismissal for lack of jurisdiction or for improper venue or for lack of an indispensable party, does operate as an adjudication upon the merits unless the court in its order for dismissal specifies otherwise." (Emphasis supplied.) Since a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, it follows that such a dismissal cannot be with prejudice. See generally *Trice v. Howard*, 234 Ga. 189 (214 SE2d 907) (1975), which applied former Code Ann. § 81A-141 (b) applicable at that point in time.

In the case at bar, the trial court dismissed the complaint with prejudice "for want of prosecution pursuant to OCGA § 9-11-41 (b)." On and after November 1, 1982, when OCGA § 9-11-41 (b) became effective, a dismissal *with prejudice* for failure of the plaintiff to prosecute is not authorized and the trial court erred in dismissing *with prejudice* the plaintiff's action.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 6, 1984 —
REHEARING DENIED NOVEMBER 29, 1984

*Alexander J. Repasky*, for appellant.

*Gregory T. Presmanes*, for appellee.

ON MOTION FOR REHEARING.

On motion for rehearing Aetna contends that we have overlooked our decision in *Lankford v. Karkotsky*, 171 Ga. App. 283 (319 SE2d 117), and that that decision is inconsistent with our holding in the case sub judice. In the first sentence of the second paragraph in *Lankford* we state that "[t]he trial court has the authority to dismiss a suit with prejudice for failure to prosecute. OCGA § 9-11-41 (b). See *Krasner v. Verner Auto Supply*, 130 Ga. App. 892, 894 (204 SE2d 770) (1974)." This incorrect statement upon which Aetna relies was clearly dicta. In *Lankford* appellants initially did not rely upon the 1982 amendment to OCGA § 9-11-41 (b). Thereafter, via new counsel, appellants filed an additional enumeration of error and brief in which they questioned the dismissal with prejudice in light of the 1982 amendment. The additional enumeration was filed after the time permitted under the Appellate Practice Act for filing an enumeration of errors. We declined to consider the appellant's belated attempt to assert the provisions of the 1982 amendment to OCGA § 9-11-41 (b). Accordingly, the aforementioned first sentence of the second paragraph of the *Lankford* decision was entirely dicta unnecessary to the decision in *Lankford* and not binding upon us in the case sub judice.

*Motion for rehearing denied.*