## 72779. ROBERTS v. ROUNTREE.
(348 SE2d 765)

BIRDSONG, Presiding Judge.

Dismissal for Failure of Prosecution. Prior to July 1985, one Anita Sumner died testate. William Rountree apparently had been Sumner's legal advisor and Rountree had prepared Sumner's will. Rountree was appointed the executor of Sumner's estate and the will was filed in solemn form. Charles Roberts is a surviving relative of Sumner and apparently believed himself to be an heir at law. It is noted that Rountree declares that Roberts was not a legatee or devisee under the will but the record is silent as to this point. Roberts sought to obtain possession of numerous items of personal property that were situated in Sumner's house. When Roberts and Rountree were unable to agree as to which items Roberts was entitled, Roberts filed a complaint seeking to recover approximately 31 items allegedly rightfully belonging to him. Rountree filed an answer in due course. Roberts then sought by way of interrogatories and requests for admissions to effect discovery. Rountree answered most of the admissions but declined to answer most of the interrogatories as being wholly irrelevant to the issues of ownership. Rountree sought successfully a protective order from the court as to much of the discovery sought by Roberts. Trial was set on the issues in Emanuel Superior Court during the January 1986 term of court with the trial set for January 14, 1986.

Roberts (an attorney-at-law residing in Florida) appeared in Emanuel County Superior Court on January 13, 1986, to make and argue a motion for continuance of the trial date. The trial court concluded that Roberts had advanced no good or legal reason to delay the trial of the issues and Roberts was specifically informed that the motion for continuance was denied and that the trial would proceed at 10:00 a.m. the next morning, January 14, 1986. On January 14, 1986, the case was called as scheduled. The appellant Roberts (plaintiff below) failed to answer and the trial court dismissed the case with prejudice for failure of prosecution. Roberts filed an appeal in the Supreme Court in timely fashion which court transferred the case to this court as a matter within this court's jurisdiction. Roberts urges error in the dismissal of his complaint with prejudice for failure of prosecution and also complains the court erred in signing the protective orders which effectively prevented his discovery. *Held*:

We find no error in the trial court's dismissal of this case for failure of prosecution. The court had been involved in the pretrial proceedings of this case and was aware of the claims and denials of the parties. Roberts had been present in court and argued his requests for discovery and a continuance. The trial court had specifically informed Roberts that the case was being called for trial on January 14 and

Roberts had traveled from Florida to Georgia to present his motion for a delay. Thus, the trial court was aware of Roberts' availability and ripeness of the litigation. It is clear that a dismissal for failure to prosecute is discretionary and is subject to appellate review only for abuse of that discretion. *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40). Where there is no specially delineated ground by the appellant asserting an abuse of discretion, as is the case here (other than the court exercised its discretion), we are satisfied that a dismissal upon the motion of the other party to the litigation or sua sponte by the trial court is not per se an abuse of discretion but an exercise of an inherent power of the trial court who is charged with the efficient clearing of cases upon the court's docket. *Krasner v. Verner Auto Supply*, 130 Ga. App. 892, 894 (204 SE2d 770). Considering all the circumstances of this case, we are satisfied the trial court did not abuse its discretion in the dismissal of this case for lack of prosecution. *Maolud v. Keller*, 153 Ga. App. 268, 269 (265 SE2d 86).

The remaining enumerations of error by Roberts pertaining to the limitation of discovery can have value only had the case fully been litigated. Inasmuch as the case was dismissed for want of prosecution, the discovery issue becomes wholly mooted.

Lastly, the motion of the appellee Rountree for penalty based upon a frivolous appeal is denied.

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 16, 1986.

Charles O. Roberts, *pro se.*
*Jerry N. Cadle*, for appellee.