A89A2093. JACKSON v. UNITED STATES SHOE
CORPORATION et al.
(389 SE2d 544)

McMURRAY, Presiding Judge.

Plaintiff Jackson appeals from the dismissal of her tort action against defendant The United States Shoe Corporation d/b/a Casual Corner and it's employee defendant Hart. The superior court's order states: "The within and foregoing case having been called for trial and

the Plaintiff's attorney having notified the Court during the Voir Dire Examination of the jury that she was withdrawing from representation of the Plaintiff without the permission of the Court and Plaintiff's attorney having notified the Court that she was leaving the Courtroom without the permission of the Court and would not participate further in the trial of this action; It is hereby ordered and decreed that the Plaintiff's case is hereby dismissed for want of prosecution." *Held*:

"It is clear that a dismissal for failure to prosecute is discretionary and is subject to appellate review only for abuse of that discretion. *Spyropoulos v. John Linard Estate*, 243 Ga. 518, 519 (255 SE2d 40)." *Roberts v. Rountree*, 180 Ga. App. 302, 303 (348 SE2d 765). " 'The burden of showing harmful error is on the appellant, and this he must do by the record; it may not be done by assertions appearing only in his brief or in his enumerations of error. (Cits.)' *Bhatia v. West Cash &c., Inc.*, 157 Ga. App. 145, 146 (276 SE2d 656) (1981)." *Lankford v. Karkotsky*, 171 Ga. App. 283 (319 SE2d 117). In the case sub judice, the superior court's order, dismissing plaintiff's action for failure to prosecute, provides the only information as to the circumstances upon which that order is predicated. The information contained in the order is not sufficient to show an abuse of the superior court's discretion, and therefore, we must affirm.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 20, 1989.

*W. Roy Hays III*, for appellant.
*Lewis & Taylor, John M. Taylor*, for appellees.