A91A0078. FIELDS v. SPENCER et al.
(410 SE2d 39)

BEASLEY, Judge.

Plaintiff appeals from an order dismissing his complaint against defendants. The trial court granted the dismissal, with prejudice, on two grounds, one of which was that the plaintiff's complaint under 42 USC § 1983 was frivolous. This second ground is in the nature of a judgment for failure to state a claim, OCGA § 9-11-12 (b) (6), and is not subject to OCGA § 9-11-41 (b)'s non-finality policy. The judgment, insofar as it is based on this second ground, is validly with prejudice.

*Judgment affirmed. Sognier, C. J., Birdsong, P. J., Cooper and Andrews, JJ., concur. McMurray, P. J., Banke, P. J., Carley and Pope, JJ., dissent.*

CARLEY, Judge, dissenting.

In my opinion, the trial court's order should be affirmed, but only with direction that it be amended to reflect that the dismissal of appellant-plaintiff's complaint is without prejudice. Accordingly, I must respectfully dissent to the majority's mere affirmance of the trial court's order.

The majority concludes that the trial court ordered the dismissal "on two grounds, one of which was that [appellant's] complaint . . . was frivolous." However, there was no written motion to dismiss and no transcript of the hearing on the motion and, although the trial court's order does make a reference to appellee-defendants' assertion that appellant's claims were "frivolous," it nevertheless states only

that appellees "move[d] to dismiss this case for *failure of [appellant] to prosecute the action*." (Emphasis supplied.) If it was based on the failure of appellant to prosecute, the trial court's order clearly should not provide that the dismissal of appellant's complaint was with prejudice. OCGA § 9-11-41 (b); *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984), aff'd 254 Ga. 265 (330 SE2d 596) (1985).

However, even assuming that "frivolousness" was intended as an alternative ground for the trial court's order, I nevertheless cannot agree with the majority that such a dismissal would be "in the nature" of a dismissal for failure to state a claim under OCGA § 9-11-12 (b) (6). The majority cites no authority for the proposition that an otherwise undefined concept of "frivolousness" is properly considered as functionally equivalent to the objective legal standard of failure to state a claim upon which relief can be granted. Likewise, there is absolutely nothing in the record to support the proposition that either appellees or the trial court understood "frivolousness" to be the equivalent of a failure to state a claim. In their brief, appellees neither cite nor rely upon OCGA § 9-11-12 (b) (6), but urge "frivolousness" by citation to a *federal* statute which has no relevancy or bearing on the authority of a *state* court to dismiss an action. The civil procedure of this state is, of course, governed by OCGA § 9-11-1 et seq. OCGA § 9-11-12 (b) (6) provides for the dismissal of a complaint which fails to state a claim, but there is no provision for dismissal on the basis of "frivolousness." The *only* OCGA § 9-11-12 (b) (6) motion that appears in the instant case is that which the majority itself has conjured by equating "frivolousness" with the failure to state a claim. Amendment of the Civil Practice Act so as to authorize dismissal on additional grounds should be left to the legislature.

In my opinion, the only *valid* ground for dismissal of appellant's complaint would be his failure to prosecute. A dismissal on that ground should be *without* prejudice. Accordingly, I would affirm with direction that the trial court amend its order to comport with the applicable provisions of OCGA § 9-11-41 (b), and I must respectfully dissent to the majority's failure to give such direction.

I am authorized to state that Presiding Judge McMurray, Presiding Judge Banke and Judge Pope join in this dissent.

DECIDED JULY 9, 1991 —
RECONSIDERATIONS DISMISSED JULY 30, 1991
AND SEPTEMBER 3, 1991 —

Harvey Fields, *pro se.*
*Michael J. Bowers, Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Terry L. Long, Assistant Attorney Gen-*

*eral*, for appellees.