43226. GARDNER v. THE STATE.

SUBMITTED NOVEMBER 8, 1967—DECIDED FEBRUARY 16, 1968.

*Houston White, Sr., George C. Mitchell, Dan C. Mitchell,* for appellant.

WHITMAN, Judge. This case involves an appeal by Joe Louis Gardner from the order and judgment overruling his amended

motion for new trial. Defendant was represented on the trial by counsel. Verdict of guilty was found by the jury and sentence pronounced and entered pursuant thereto on March 29, 1967. Motion for new trial on the general grounds was filed on behalf of defendant by other and different counsel than the trial attorney. Thereafter an amendment to said motion for new trial was filed in said case, and the trial court on August 3, 1967, overruled the amended motion, denying a new trial. Defendant was represented on said motion as amended by counsel filing said motion and his associate attorney, both of whom, as appears from the record, filed the appeal on his behalf.

The transcript, including the appeal, was transmitted to this court and the appeal docketed in this court on September 29, 1967.

No enumeration of errors was filed in this court within ten days from the date of the docketing of the appeal as required by Rule 13 (a) of this court, as amended, or at any other time. Moreover, no brief has been filed in this court on behalf of the defendant.

The case was regularly set for hearing before the Second Division of this court on November 8, 1967, and on the call of the calendar the attorneys who had filed the appeal were not present, but still another attorney then and presently representing the appellant orally requested the court that he be afforded opportunity to present a written motion for leave to file at a later date enumeration of errors and brief in support thereof. Such leave was thereupon orally granted to file such written motion on or before December 15, 1967, and thereafter such leave was orally extended to and including January 29, 1968. On January 29, 1968, Houston White, Sr., Esquire, as attorney for appellant who had made such oral request, filed in this court written "Motion to Extend Time for the Filing of Enumeration of Errors and Brief of Appellant in the above Styled Case," in which motion the movant "prays that his enumeration of errors and brief with respect thereto tendered simultaneously with this motion, be filed of record in this court, and that the merits thereof and this motion be considered and adjudicated, in this court."

Movant in his motion contends that the rule of this court pro-

viding that enumeration of errors shall be filed within ten days from the date of the docketing of the appeal should, by construction or by virtue of the due process and equal protection of the laws provisions of the Federal and State Constitutions, require an exception to the rule where there has been inadequacy of representation or providential cause such as it is contended exists in the present case as shown by the affidavit of one of counsel who filed the appeal. These contentions are held to be without merit.

Leave of absence for thirty days was granted by the trial court on June 21, 1967, to the attorney who later filed the appeal, which leave expired July 21, 1967. The notice of appeal filed by this attorney bears date August 21, 1967, and was served by him personally on the solicitor general and on the trial judge on August 22, 1967, and filed in the trial court on August 23, 1967. Prior thereto said attorney had filed motion for new trial and an amendment to said motion and the motion for new trial as amended was, as hereinabove set forth, overruled on August 3, 1967.

Another leave of absence, a copy of which is attached to the motion, was granted to one of the attorneys for movant who had filed the notice of appeal (being the attorney to whom prior leave of absence had been granted, as above set out). This leave of absence was granted on November 7, 1967, by one of the judges of the trial court predicated upon the unsworn statement of a physician of date July 14, 1967.

These leaves of absence do not evidence providential cause. Providential cause includes such acts only as may be attributed to an act of God. *Day, Gaskin & Co. v. Jeffords,* 102 Ga. 714, 719 (29 SE 591).

The motion insofar as representation by counsel is concerned merely refers to "inadequacy of representation." This statement alone constitutes a mere conclusion. While the proposed enumeration of errors sought by movant to be filed and considered in the case and by this order the filing and consideration thereof as such is denied, nevertheless, in view of the fact that the enumeration of errors has been tendered simultaneously with the motion, they have been reviewed in connection with the con-

tention of inadequacy of representation. It appears from the motion that the attorney who represented movant on his jury trial was appointed by the court, and that thereafter another attorney employed by the brother of movant represented movant in filing motion for new trial and an amended motion for new trial and notice of appeal. Both of these attorneys and the associate attorney of the latter were presumably licensed members of the State Bar and it is also to be presumed in the absence of clear and convincing proof to the contrary that each of these attorneys did his duty in the premises and properly represented movant, one as the trial attorney before the jury and the others on the motion for new trial and the amendment thereto and the appeal therefrom. *Brown v. State,* 76 Ga. App. 7 (45 SE2d 80). See also *Fambles v. State,* 97 Ga. 625 (2) (25 SE 365).

The test as to inadequacy of representation appears to be that an attorney must have been "so ignorant, negligent or unfaithful that the accused was virtually unrepresented or did not in any real or substantial sense have the aid of counsel." *Givens v. Dutton,* 222 Ga. 756, 758 (152 SE2d 358). It does not so appear either as to the jury trial attorney or as to the attorneys who represented movant on the amended motion for new trial and in filing the notice of appeal. The proposed enumeration of errors relates to incidents of the jury trial except the enumerations set forth in Paragraph 6 (q). The enumeration of errors, except Paragraph 6 (q), relates to charges of the trial court and failures to charge, examination of witnesses, alleged contradictions and inconsistencies in testimony and other evidentiary matters. The notice of appeal was from the order and judgment of the trial court in overruling the amended motion for new trial. By Section 1 of the Act of the General Assembly of Georgia approved March 15, 1966 (Ga. L. 1966, p. 493), the entry of the judgment on the verdict by the trial court constituted an adjudication by that court as to the sufficiency of the evidence to sustain the verdict. There is no contention by the appellant that the evidence was insufficient to sustain the verdict.

In the motion to extend time for filing of enumeration of errors and brief, which is verified by present counsel for movant, it is stated on page 6 that the prosecuting witness told said

counsel "at least three times that she would get appellant out of jail if she were paid $500, a proposition showing that she framed this case from the beginning and that on a new trial defendant would be acquitted."

This appears at most to be a matter, if at all, for extraordinary motion for new trial or writ of error coram nobis and is not involved in or related to the present motion. See *Riley v. State*, 107 Ga. App. 639 (131 SE2d 124).

Upon consideration of said motion, it is, as above stated, held to be without merit and said motion is denied and appellant is not permitted to file said enumeration of errors and brief tendered simultaneously with said motion.

Not having been filed within the time required by rule of this court, the appeal is hereby dismissed. *Brackin v. State*, 116 Ga. App. 77 (156 SE2d 382); *Rentfrow v. State*, 116 Ga. App. 545 (158 SE2d 684); *Hopkins v. State*, 116 Ga. App. 548 (158 SE2d 320); *Cade v. Burson*, 221 Ga. 715 (146 SE2d 761); *Noles v. Lee*, 221 Ga. 811 (147 SE2d 445); *American Fidel. &c. Co. v. Weathers Bros. Transfer Co.*, 223 Ga. 313 (154 SE2d 592).

*Motion denied and appeal dismissed. Bell, P. J., and Pannell, J., concur.*