### 43892. THOMAS v. THE STATE.

Deen, Judge. *Code Ann.* § 6-804 provides: "Any application to any court, justice or judge for an extension [of time for filing

any paper for which a filing time is prescribed by the Appellate Practice Act] must be made before expiration of the period for filing as originally prescribed or as extended by a permissible previous order." The latest amendment to this Act (Ga. L. 1968, pp. 1072, 1077, § 14) provides: "The appellant . . . shall file with the clerk of the Appellate Court at such time as may be prescribed by its rules an enumeration of the errors." Rules 13 and 15 of this court require the enumeration of errors to be filed within 10 days of the docketing of the appeal.

Under this statutory mandate it would appear that, absent filing of the enumeration of errors within the time prescribed or, in the alternative, absent a grant of extension of time on motion made *before the expiration of such time,* the appeal has not been perfected and must be dismissed. One further exception appears in *Lingo v. State,* 224 Ga. 333 (1) (162 SE2d 1), which states merely: "Providential cause being shown, the motion to dismiss the appeal because the enumerations of error were not timely filed is denied."

This case was docketed in this court on July 8, 1968. On the same day the clerk of this court notified counsel by mail that both the brief and enumeration of errors should be filed in his office by July 18. On July 18 the brief was duly filed, signed: "Hall and Hall by William V. Hall, Sr., Counsel for Appellant." The certificate of service on opposing counsel was signed "William V. Hall, Sr. *Of* Counsel for Appellant." On July 25, 1968, this attorney filed an application for extension of time within which to file an enumeration of errors because of physical incapacity and providential cause, stating that he and his son (who presumably comprise the law firm of Hall and Hall) are not partners, that he is sole counsel for the appellant, that said son had no authorization to file a brief in this case but did so, signing applicant's name thereto, and that "during the last 2 days that the enumeration of errors should have been filed in said case, applicant was unable to file it because of physical disabilities resulting from surgery to his left eye and temporary paralysis in his left hand, wrist and forearm" to which motion he attached an enumeration of errors and prayed that it be filed instanter.

Nowhere does the movant allege (a) that he did not know the surgery was to be performed or was otherwise prevented from filing the necessary papers prior thereto, or (b) that he did

not know when the brief and enumeration of errors were to be filed or was otherwise prevented from arranging for some person in his law firm to request an extension of time for filing based on these facts. He says merely that he was physically unable to file the enumeration of errors during the 9th and 10th days of the 10-day period available for him to either file such papers or request an extension of time.

In *Code Ann.* § 110-404 providing for a default to be opened for "providential cause . . . or for excusable neglect," the clear meaning of these alternatives is that providential cause is something greater than excusable neglect. Providential cause includes such acts only as may be attributed to an act of God." *Gardner v. State,* 117 Ga. App. 262, 264 (160 SE2d 271). In *Evans & Pennington v. Nail,* 7 Ga. App. 129, 136 (66 SE 543), Judge Russell wryly observed: "No injurious act can be attributed to God if it is plain that the result could have been avoided by ordinary diligence on the part of man."

The motion totally fails to recite facts sufficient to meet the exception to the statutory sanction recognized by the Supreme Court.

*Appeal dismissed. Pannell, J., concurs. Jordan, P. J., concurs in the judgment.*

ARGUED SEPTEMBER 10, 1968—DECIDED NOVEMBER 12, 1968— REHEARING DENIED DECEMBER 3, 1968—

*Hall & Hall, William V. Hall, Sr.,* for appellant.

*Lewis R. Slaton, Solicitor General, J. Walter LeCraw, J. Melvin England,* for appellee.