46421. BABB v. COOK.

QUILLIAN, Judge. The instant notice of appeal was docketed on May 21, 1971, and the enumeration of errors was filed on June 17, 1971, which was not within the time prescribed and no mo-

tion for an extension was made before the expiration of such time. See Court of Appeals Rule 13 (111 Ga. App. 883, 888) as amended (112 Ga. App. 897; 113 Ga. App. 889; 118 Ga. App. 869).

After the expiration of the time for filing the enumeration of errors, a motion for extension was filed containing an affidavit by a physician which stated: that counsel for appellant was admitted to Baldwin County Hospital June 4, 1971; that she was suffering from acute gout arthritis which has required heavy sedation. From this affidavit we are unable to determine whether counsel was so incapacitated as to be unable to request an extension within the time required. See *Thomas v. State,* 118 Ga. App. 748 (165 SE2d 477). There being no facts shown sufficient to meet the test of providential cause (see the definition contained in *Gardner v. State,* 117 Ga. App. 262, 264 (160 SE2d 271)), the appeal is

*Dismissed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell and Deen, JJ., concur. Hall, P. J., and Evans, J., dissent. Whitman, J., not participating.*

SUBMITTED SEPTEMBER 13, 1971—DECIDED OCTOBER 1, 1971— REHEARING DENIED NOVEMBER 12, 1971—

*Eva L. Sloan,* for appellant.
*Robert H. Herndon,* for appellee.

EVANS, Judge, dissenting. The notice of appeal was docketed on May 21, 1971, and the enumeration of errors should have been filed not later than June 10, 1971. But appellant's counsel was admitted to the Baldwin County Hospital on June 4, 1971, suffering from acute arthritis which required heavy sedation. She was still in the hospital and so suffering on June 12, 1971 (two days later than the expiration date on which enumeration of errors should have been filed). The enumeration of errors and an affidavit from Dr. Curtis Veal were both filed on June 17, 1971. Dr. Veal's affidavit stated she was suffering from acute gout arthritis requiring heavy sedation from June 4, 1971. Under these circumstances, I believe the appellant shows providential cause, excusing the failure to file the enumeration of errors.

This case differs greatly from the case of *Thomas v. State*, 118 Ga. App. 748 (165 SE2d 477) cited in the majority opinion, for in that case the brief of appellant was timely filed (but not the enumeration of errors) and it was sought to excuse this delinquency by showing that "Hall and Hall" were not partners, and that one of them had filed the brief without authority. *Code* § 110-404, as amended (Ga. L. 1946, pp. 761, 778), allows defaults to be opened for providential cause, or for excusable neglect. There was no way in which appellant's counsel, by exercise of ordinary diligence, could have avoided the attack of arthritis and the consequent hospitalization and heavy sedation.

It is noted that opposing counsel here agreed to the request for additional time to file the enumeration of errors.

I therefore dissent from the judgment dismissing the appeal.