## 70547. RUTLEDGE v. NORTHBANK LIQUOR STORE, INC. et al.
### (335 SE2d 479)

DEEN, Presiding Judge.

The appellant, Dorothy Rutledge, brought this action for the wrongful death of her son against appellees Northbank Liquor Store, Inc., and its employee, Larry C. Budnick. Appellant alleged that appellee Budnick shot and killed her son, who was an invitee in the appellee Northbank Liquor Store. She alleged that at the time of the shooting, Budnick was an employee of appellee liquor store and was acting within the scope of his employment.

On February 13, 1984, a pre-trial calendar was published in the Fulton County Daily Report. This case was scheduled to be pre-tried on February 27, 1984. On that day the attorney for the appellant failed to appear, and the trial court dismissed the case. Appellant re-filed the same cause of action approximately four months later. As part of their answer and defense, appellees alleged the cause of action was barred by the doctrines of res judicata and collateral estoppel. According to appellees, the earlier dismissal operated as an adjudication on the merits. The trial court granted a motion for summary judgment in favor of appellees, holding that the earlier dismissal constituted a dismissal with prejudice and the cause of action had become res judicata on the issues involved. Appellant appealed the order granting summary judgment in favor of appellees. Subsequently, appellees filed a motion to dismiss the appeal on the ground that appellant failed to file her brief and enumeration of errors within the twenty days from the docketing pursuant to Court of Appeals Rules 14 and 27 (a). *Held*:

This court has no choice but to dismiss this case. *Thomas v. Ragle*, 173 Ga. App. 367 (326 SE2d 488) (1985); *Farivar v. Yekta*, 166 Ga. App. 676 (305 SE2d 422) (1983). The appeal was docketed here on March 11, 1985, and the brief and enumeration of errors should have been filed no later than April 1, 1985. On April 8, 1985, under Rule 27 (a) and Rule 14 of this court, counsel for the appellant was ordered to file an enumeration of errors and brief no later than 4:30 p.m., April 15, 1985, and was instructed that a failure to comply would subject this case to dismissal. The documents were actually filed at 4:14 p.m. on April 17, 1985.

Generally, this court has hesitated to dismiss criminal cases for failure to comply with an order to file. See, for example, *Parrish v. State*, 164 Ga. App. 575, 576 (298 SE2d 558) (1982), wherein this court noted that "[a]lthough we proceeded to the merits in this case, this court would have been justified in dismissing the appeal and considering a finding of contempt, pursuant to Court of Appeals Rules 14 and 27 (a). Burdened with a heavy caseload, in our efforts to address the merits of every case, particularly in criminal cases, many times we are overindulgent in granting extensions." The instant case is a civil case; and while we prefer to address the merits of all cases, nevertheless, if it is our mandate to treat all appellants alike, there must be a definite point beyond which we cannot accept the documents.

At one time this court gave the appellant only ten days to file the brief and enumeration of errors, with no exceptions other than for providential cause. Several years ago we followed our Georgia Supreme Court in expanding from ten to twenty days the time for filing the required documents. Moreover, under our Rule 14, our court usually provides an additional five days, as was done in the instant case.

This additional time having expired before the documents were filed, we must dismiss.

*Appeal dismissed. Banke, C. J., Birdsong, P. J., Sognier and Beasley, JJ., concur. McMurray, P. J., concurs in the judgment only. Carley, Pope, and Benham, JJ., dissent.*

POPE, Judge, dissenting.

1. I strongly disapprove of appellant's counsel's apparent disregard of an order of this court directing the filing of a brief and enumeration of errors in this case no later than 4:30 p.m. on April 15, 1985. As noted by the majority, these documents were actually filed in this court at 4:14 p.m. on April 17, 1985. Nevertheless, because the record discloses reversible error, appellees' motion to dismiss the appeal should be denied, and counsel directed to show cause why he should not be held in contempt pursuant to Rule 14 of this court.

2. In the case at bar, the trial court granted appellees' motion for summary judgment on the ground of res judicata holding that the dismissal of the earlier action operated as an adjudication on the merits. OCGA § 9-11-41 (b) provides that a defendant may move for dismissal of an action when the plaintiff fails to prosecute or to comply with the chapter or any court order. The dismissal of appellant's first action for her failure to appear at the pre-trial hearing, therefore, was correct. *Scott v. W. S. Badcock Corp.*, 161 Ga. App. 826 (2) (289 SE2d 769) (1982). The dismissal, however, did not preclude appellant from refiling the cause of action against appellees. Under former Code Ann. § 81A-141 (b) (now OCGA § 9-11-41 (b)), when a dismissal for failure to prosecute was involuntary and the trial court did not specify that such dismissal was without prejudice, the dismissed action was res judicata as to essentially the same action brought at a later time. *Krasner v. Verner Auto Supply*, 130 Ga. App. 892, 894-95 (204 SE2d 770) (1974).

However, on November 1, 1982 OCGA § 9-11-41 (b) became effective, and it provides that a dismissal for failure of the plaintiff to prosecute does *not* operate as an adjudication upon the merits. In *Leach v. Aetna Cas. &c. Co.*, 172 Ga. App. 785 (324 SE2d 494) (1984), we held that since under OCGA § 9-11-41 (b) a dismissal for failure of the plaintiff to prosecute does not operate as an adjudication upon the merits, such a dismissal cannot be with prejudice. This holding has been affirmed by the Supreme Court. *Aetna Cas. &c. Co. v. Leach*, 254 Ga. 265 (330 SE2d 596) (1985). It follows that the trial court erred in granting appellees' motion for summary judgment.

I am authorized to state that Judge Carley and Judge Benham join in this dissent.

DECIDED SEPTEMBER 26, 1985.

*Thomas L. Bingley,* for appellant.
*Arthur L. Myers, Jr.,* for appellees.