A98A1189. REEDER et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(510 SE2d 337)

BLACKBURN, Judge.

The Reeders appeal from the trial court's grant of summary judgment to General Motors Acceptance Corporation (GMAC) on the Reeders' counterclaim which asserted counts of fraud, wrongful repossession, waiver, and libel.[1] In addition, the Reeders appeal from the trial court's denial of several motions, including their motion to correct a court order compelling discovery, their motion for dismissal of GMAC's motion for summary judgment, their motion for a continuance of the summary judgment hearing and their motion to implead counsel of record as a third party. For the reasons set forth below, we affirm.

1. As an initial matter, we note that the Reeders have violated OCGA § 5-6-40 and Rule 22 of this Court by failing to timely file separate enumerations of error. Appellants timely filed their brief on April 14, 1998, including within their brief the section entitled "Part 2 Enumeration of Errors." Separate enumerations of error initially were not filed, but were filed on April 28, 1998.

(a) Our Supreme Court has held that under OCGA § 5-6-48 (b), belated filing of separate enumerations of error is not a basis for dismissal of an appeal. *Durham v. Stand-By Labor*, 230 Ga. 558 (198 SE2d 145) (1973). See *Jarrett v. Butts*, 190 Ga. App. 703 (1) (379

---

[1] GMAC had filed suit against the Reeders to recover a deficiency owing from a retail installment sale contract. The trial court also granted summary judgment to GMAC on its complaint. After the Reeders filed a notice of appeal, GMAC dismissed its complaint, so the only issues on appeal concern the counterclaim.

SE2d 583) (1989). Compare *Taylor v. Columbia County Planning Comm.*, 232 Ga. 155 (205 SE2d 287) (1974) (failure to comply timely with court order to file enumerations of error resulted in dismissal of appeal).

The authority relied upon by the dissent to support dismissal of the appeal is inapplicable. Both *Crozier v. Crozier,* 228 Ga. 372 (185 SE2d 411) (1971) and *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739) (1965) were overruled implicitly by *Durham,* supra.[2] *Herron v. Travelers Indem. Co.*, 125 Ga. App. 541 (188 SE2d 400) (1972) is no longer valid as it relies upon *Crozier. Babb v. Cook*, 124 Ga. App. 823 (186 SE2d 317) (1971) was overruled implicitly by this Court's decision in *Jarrett,* supra. Finally, *Rutledge v. Northbank Liquor Store,* 176 Ga. App. 243 (335 SE2d 479) (1985) is distinguishable from the present case because the appellant failed to comply with an order to file her brief and enumerations of error. No such order was issued here.

(b) The failure to follow the rules of this Court may, in the discretion of the Court, subject an appeal to dismissal. See Court of Appeals Rule 7. We find that, under the facts of this case, the enumerations of error within the brief were sufficient. Here, since the appellants "have presented an enumeration of error in their appellate brief and it is apparent from the brief, the notice of appeal and the record what judgment is being appealed from and what error is being asserted, we will consider the merits of the appeal to the extent it is supported by argument, citation to the record, and authority." *Anderson v. Svc. Merchandise Co.*, 230 Ga. App. 551, 552 (1) (496 SE2d 743) (1998).

In *Anderson,* supra, we chose to exercise our discretion and reach the merits of the appeal (although no separate enumerations of error were filed) because the appeal was substantively complete even if procedurally inadequate. Likewise, in *Beman v. KMart Corp.*, 232 Ga. App. 219 (1) (501 SE2d 580) (1998) the merits of the appeal were considered although the appellant failed to file separate enumerations of error because the error being asserted was evident from the record. See *Parks v. Texas Commerce Bank*, 229 Ga. App. 467 (494

---

[2] Previously, a failure to file timely separate enumerations of error required dismissal of the appeal under the Appellate Practice Act. See *Windsor v. Southeastern Adjusters*, supra, and Code Ann. § 6-180 as amended Ga. L. 1965, p. 240. Dismissal was required because enumerations of error had to be filed with the trial court, and the enumerations then became part of the record sent up from the trial court. See Code Ann. § 6-180 as amended Ga. L. 1965, p. 240. Consequently, the failure to file separate enumerations of error resulted in an incomplete record from the trial court which mandated dismissal. *Windsor,* supra. Moreover, the Supreme Court Rules expressly stated that the failure to file timely the enumerations of error may be deemed a failure to complete the appeal. See *Taylor v. Columbia County Planning Comm.*, supra. Under the current Appellate Practice Act the enumerations of error are not part of the record received from the trial court.

SE2d 276) (1997) (court chose to exercise its discretion and reach merits of the appeal even though appellant did not file a separate enumerations of error).

This case is not a situation where the appellants have totally failed to file both separate enumerations of error and to include enumerations of error in the brief. See *Miles v. Emmons*, 234 Ga. App. 487 (507 SE2d 762) (1998). In *Miles*, there was a complete failure to enumerate error, and dismissal of the appeal was appropriate as the appellate court had no enumerations of error to consider. Likewise dismissal was appropriate in *Lowery v. Smith*, 225 Ga. 814 (171 SE2d 500) (1969) because the appellant failed to file enumerations of error.

The Appellate Practice Act should be "liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein." OCGA § 5-6-30. In the case before us, the appeal is, for all intents and purposes, complete. Enumerations of error were filed timely in the brief and also filed separately, although untimely. We will not allow a procedural defect to defeat an appeal which is substantively complete. Our philosophy of justice is couched on concepts of overall fairness, and will not be hindered by procedural minutia.

2. The Reeders contend that the trial court erred by granting summary judgment to GMAC on the counterclaim. On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993). Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

The record reveals that on May 18, 1994, the Reeders entered into an installment sale contract with McNamara Pontiac-Isuzu-GMC Truck, Inc. for the purchase of a 1994 Isuzu Trooper. This contract was immediately assigned for value to GMAC. Subsequently, the Reeders failed to make payments due under the contract, and the Trooper was repossessed by GMAC in January 1995. After the Trooper was sold at auction, GMAC filed suit against the Reeders to recover the balance owing under the contract, and the Reeders counterclaimed asserting several claims.

All of the Reeders' claims lack legal or factual basis in the record. With respect to their claim alleging fraudulent inducement to contract, the record is devoid of any evidence of fraud. With respect to their claim alleging wrongful repossession, the undisputed evidence shows the Reeders failed to make payments due under the contract, and GMAC was entitled to repossess its collateral. The Reeders argue that alleged previous late payments accepted by GMAC

created a mutual departure from the contract, but the Reeders have not pointed to any evidence in the record that GMAC previously accepted late payments. Moreover, the evidence is that the Reeders were not simply late with payments but rather failed to make payments altogether. With respect to their claim alleging waiver, waiver is a defense and not a cause of action upon which the Reeders can recover. With respect to their claim alleging libel, there is no evidence to support the claim. "A libel is a false and malicious defamation of another, expressed in print, writing, pictures, or signs, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule." OCGA § 51-5-1 (a). The Reeders rely on GMAC's report to credit bureaus of the Reeders' default on the sale contract and of the amounts remaining due and owing. However, there is no evidence that the report to the credit bureau was either false or maliciously made. The trial court properly granted summary judgment to GMAC on the Reeders' counterclaim.

3. The trial court did not err in denying the Reeders' motion to correct a court order compelling discovery. The record shows that the Reeders served a set of interrogatories on GMAC in March 1996 to which GMAC served objections and responses. After the end of the six-month discovery period, the Reeders filed a motion to compel. On August 26, 1996, the trial court entered an order compelling GMAC to "respond to 1., 8., and 22. of Defendants' first interrogatories . . . either answering the interrogatory, or specifically objecting to it." GMAC complied with the order and served responses and specific objections. The Reeders did not raise any question about the order until the hearing on GMAC's motion for summary judgment in October 1996. There is no evidence that the order was incorrect or that the trial court abused its discretion in denying the motion. "The trial court's discretion in dealing with discovery matters is very broad, and this court has stated on numerous occasions that it will not interfere with the exercise of that discretion absent a clear abuse." (Citation and punctuation omitted.) *Ostroff v. Coyner*, 187 Ga. App. 109, 117 (6) (369 SE2d 298) (1988).

4. The trial court did not err in denying either the Reeders' motion to dismiss GMAC's motion for summary judgment as premature or their motion for a continuance of the hearing on the motion for summary judgment. The Reeders argue that GMAC's motion should not have been heard because they contend that GMAC did not comply with the order to compel discovery, that consequently, discovery was not over and that they were therefore unable to prepare for the hearing. The contention has no merit. The record shows that the discovery period had expired in April, that GMAC had responded in accordance with the trial court's discovery order, that there were no pending motions with regard to discovery, and that GMAC's motion

for summary judgment had been served in July. The inability to prepare cannot be attributed in any way to an alleged lack of time to obtain discovery. The trial court did not abuse its discretion.

5. The trial court did not err in denying the Reeders' motion to implead counsel of record as a third party. The Reeders argue that they sought to add GMAC's counsel with regard to claims for alleged violations of the Fair Debt Collection Practices Act. However, because this argument was not raised before the trial court, it cannot be considered on appeal. *Cornelius v. Wood*, 223 Ga. App. 339 (2) (477 SE2d 595) (1996). Moreover, their argument is disingenuous as the Reeders have admitted that they do not claim violations of the Fair Debt Collection Practices Act. The Reeders have not articulated any facts to support a claim against counsel of record, and the trial court did not err.

*Judgment affirmed. Johnson, Smith, Eldridge, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., and McMurray, P. J., dissent.*

ANDREWS, Chief Judge, dissenting.

By failing to file an enumeration of errors as a separate document with this Court within 20 days after the appeal was docketed, the Reeders violated the filing requirements set forth in Court of Appeals Rule 22 (a) and § 5-6-40 of the Appellate Practice Act. Under these requirements, the late filing of an enumeration of errors requires dismissal of the appeal in the absence of a showing of providential cause. *Crozier v. Crozier*, 228 Ga. 372 (185 SE2d 411) (1971); *Windsor v. Southeastern Adjusters*, 221 Ga. 329 (144 SE2d 739) (1965); *Herron v. Travelers Indem. Co.*, 125 Ga. App. 541 (188 SE2d 400) (1972); *Babb v. Cook*, 124 Ga. App. 823 (186 SE2d 317) (1971); *Rutledge v. Northbank Liquor Store*, 176 Ga. App. 243, 244-245 (335 SE2d 479) (1985). No providential cause for the late filing having been shown, this appeal should be dismissed for the reasons set forth in Judge Ruffin's dissent in *Leslie v. Williams*, 235 Ga. App. 657 (510 SE2d 130) (1998).

As this Court stated in its whole court opinion in *Rutledge*, 176 Ga. App. at 244, dismissing the appeal for failure to timely file enumerations of error, "while we prefer to address the merits of all cases, nevertheless, if it is our mandate to treat all appellants alike, there must be a definite point beyond which we cannot accept the documents." I reiterate Judge Ruffin's observation in *Leslie* that, if this Court will not evenly enforce its filing rules, "[i]t would be better to abolish the rule than to have a rule that is adhered to at the pleasure of the bench and bar."

DECIDED DECEMBER 4, 1998.

William D. Reeder, *pro se.*
Rochelle Reeder, *pro se.*
*McCullough & Payne, John G. McCullough, Ashley E. Sexton,* for appellee.