## S13F0715. BREEDLOVE v. BREEDLOVE.
(748 SE2d 445)

BENHAM, Justice.

This appeal arises from our grant of Wife's application for discretionary review pursuant to Rule 34 (4) of the Rules of the Supreme Court of Georgia. The record shows that after a jury trial, the trial court entered a final judgment and decree of divorce on July 6, 2012. At trial, Husband and his employer testified that Husband earned $2,500 per week as his gross salary. In addition, Husband and his employer testified that Husband received a car allowance of $660 per month. In his financial affidavit, Husband listed his gross monthly income as $10,660 which he stated was his combined monthly salary and car allowance. The evidence also showed that Husband's employer reimbursed Husband approximately $600 to $700 per month for Husband's cell phone, Wife's cell phone, their two oldest children's cell phones, and the cell phones of four other employees working for Husband's employer. Husband's employer further testified that the company paid approximately $200 per month for lawn care of the marital home, $549 per month for Husband's gas, and $197.92 per month for Wife's gas.[1]

Prior to deliberation, the trial court instructed the jury as follows: "Gross income includes all income from any source, whether earned or unearned. . . . Gross income includes, but is not limited to, the following sources of income: Salaries; . . . fringe benefits; [and] other income supported by the evidence." The jury found that Husband's gross monthly income was $10,833 and found that Wife's gross monthly income was zero. These findings resulted in a presumptive child support amount of $1,663 per month for the parties' two minor children who lived with Wife.[2] Upon calculating the presumptive amount of child support, Wife made an additional argument to the jury, requesting an upward deviation of the presumptive child support amount. The jury deliberated further and made an upward deviation of $337 such that the final child support award was $2,000 per month for the two children living with Wife.[3]

Wife moved for a new trial, contending the verdict was unsupported by the evidence because the jury failed to include income from fringe benefits Husband received from his employer in its finding of

---

[1] From 2009 to 2010, Husband's employer paid for the services of a housekeeper for the marital home; however, the record shows the employer ceased paying for such services prior to the filing of the instant divorce action.

[2] The parties' other two minor children lived with Husband.

[3] On the verdict form, the jury indicated its basis for making the upward deviation was to place the two siblings living with Wife in parity with the two siblings living with Husband.

Husband's gross monthly income. She argues the jury's failure to include income from fringe benefits in its finding of Husband's gross monthly income resulted in an erroneous calculation of the presumptive child support amount. After holding a hearing, the trial court denied Wife's motion for new trial, and we granted Wife's application for discretionary review pursuant to Rule 34 (4). For reasons set forth below, we affirm the trial court's denial of Wife's motion for new trial.

When reviewing the trial court's denial of a motion for new trial on the ground that the evidence does not support the verdict, this Court is tasked with determining whether there is any evidence in the record supporting the jury's verdict. See *Maddox v. Maddox*, 278 Ga. 606, 607 (1) (604 SE2d 784) (2004). See also *Reagan v. Reagan*, 221 Ga. 656 (1) (146 SE2d 906) (1966). Here, there is evidence supporting the jury's finding that Husband's monthly gross income was $10,833 — namely, the testimony of Husband and his employer that Husband earned $2,500 per week. Other than her own supposition, Wife has not shown the jury failed to consider all the evidence presented by the parties regarding Husband's alleged gross income. The jury was authorized to weigh the evidence of gross income as it saw fit. See *Turner v. Trammel*, 285 Ga. 847, 848 (684 SE2d 623) (2009) ("[T]he jury is . . . the final arbiter of the weight of the evidence and the credibility of witnesses.") (citation and punctuation omitted). The trial court properly instructed the jury, and the jury made a decision that is supported by evidence at trial. Cf. *Walton v. Walton*, 285 Ga. 706 (2) (681 SE2d 165) (2009) (in a bench trial, trial court did not err where it properly considered evidence of fringe benefits, along with other financial evidence, purportedly showing higher gross income, but based its final finding of gross income on a lower amount stated in Husband's financial affidavit). Accordingly, we will not disturb the jury's verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*Brenda H. Trammell*, for appellant.
*Martin L. Fierman*, for appellee.