**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

June 12, 2024

# In the Court of Appeals of Georgia

A24A0090. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY v. HARRISON.

MCFADDEN, Presiding Judge.

The Metropolitan Atlanta Rapid Transit Authority (MARTA) appeals from the trial court's denial of its motion for judgment notwithstanding the verdict or, alternatively, new trial in this action for malicious prosecution and negligence brought against MARTA by its former employee, John Harrison. We deny Harrison's motion to dismiss this appeal. But we affirm the trial court's ruling, because the appellate record does not contain all of the evidence presented to the jury and so MARTA has not shown by the record that the trial court erred in denying its motion.

1. *Motion to dismiss appeal*

Harrison asks us to dismiss MARTA's appeal on the grounds that MARTA filed its appellate brief late and because, as discussed below, MARTA has not obtained or constructed a full trial transcript. The purpose of the Appellate Practice Act is "to bring about a decision on the merits of every case appealed and to avoid dismissal of any case or refusal to consider any points raised therein, except as may be specifically referred to in [the Act itself]." OCGA § 5-6-30. The Act provides that "[n]o appeal shall be dismissed by the appellate court nor consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court[.]" OCGA § 5-6-48 (c). In addition, "[w]e will not allow a procedural defect to defeat an appeal which is substantively complete." *Reeder v. Gen. Motors Acceptance Corp.*, 235 Ga. App. 617, 619 (1) (510 SE2d 337) (1998). So we deny the motion to dismiss.

2. *Motion for judgment notwithstanding the verdict or, alternatively, new trial*

On appeal from the denial of a motion for judgment notwithstanding the verdict, we construe the evidence in the light most favorable to the prevailing party to determine if there is any evidence to support the jury's verdict. *Carly Ray Indus. v. Mays*, 354 Ga. App. 638 (1) (841 SE2d 100) (2020). We also use the "any evidence"

standard when reviewing the denial of a motion for new trial on the ground that the evidence does not support the verdict. *Breedlove v. Breedlove*, 293 Ga. 567, 568 (748 SE2d 445) (2013). It follows that, to make this determination, we must know what evidence was presented at trial.

But the appellate record in this case does not contain all of the trial evidence. Although the trial spanned several days, only one day was transcribed, and that partial transcript contains only a portion of the plaintiff's case-in-chief. And a key piece of evidence — a surveillance recording of the incident that led to the criminal charges Harrison claims constituted malicious prosecution — was not made a part of the trial court record and so was not transmitted to this court on appeal, even though the recording was a trial exhibit that was played for the jury. It appears that MARTA took no steps to obtain a statutorily authorized substitute for the transcript, see OCGA § 5-6-41 (g), or to ensure that the surveillance recording was made a part of the trial court's record so that it could be submitted to this court. See Court of Appeals R. 41 (c) (party moving to supplement the appellate record "must assist the trial court clerk in locating the material [to be supplemented] when necessary").

"[I]t is the burden of the appealing party to ensure that a complete record is transmitted to this [c]ourt on appeal, including the transmission of video or audio recordings." Court of Appeals R. 18 (b). See *Shelton v. State*, 350 Ga. App. 774, 780 (2) (830 SE2d 335) (2019). While

> [i]t is permissible for an appellant to submit only a portion of the record below to this [c]ourt[, . . .] this does not relieve an appellant from the obligation to demonstrate error by the record. Where an appeal draws into question the transcript of the evidence, it is the duty of the appellant to have the transcript [or a statutorily authorized substitute] prepared at his expense. And it is his duty to make sure the transcript or record *fully* discloses what transpired at trial. Otherwise, he may not meet his burden of showing error from the record.

*Rohatensky v. Woodall*, 257 Ga. App. 801, 801-802 (1) (572 SE2d 354) (2002) (citations omitted; emphasis in original).

Without a transcript of all of the evidence presented to the jury, and without the surveillance recording, we cannot say that there was no evidence supporting the jury's verdict. Similarly, we cannot determine from the incomplete transcript in this case whether MARTA first made its arguments in its earlier motion for directed verdict, as required for us to consider those arguments in an appeal from a motion for

judgment notwithstanding the verdict. See *Khalia, Inc. v. Rosebud*, 353 Ga. App. 350, 352 (1) (a) (836 SE2d 840) (2019) ("arguments asserted in a motion for j.n.o.v. but not raised in the motion for directed verdict cannot be considered on appeal") (citation and punctuation omitted). For these reasons, we affirm the denial of MARTA's motion for judgment notwithstanding the verdict or, alternatively, new trial.

*Judgment affirmed. Mercier, C. J., and Rickman, J., concur.*